NO. COA13-838

NORTH CAROLINA COURT OF APPEALS

Filed: 4 March 2014

FIRST BANK,

    Plaintiff,

    v.

                             Montgomery County
                             No. 11 CVS 74

S&R GRANDVIEW, L.L.C.; DONALD J.
RHINE; JOEL R. RHINE; GORDON P.
FRIEZE, JR.; MAXINE GANER; SHARON
R. SILVERMAN, EXECUTRIX OF THE
ESTATE OF STEVEN S. SILVERMAN; and
MARTIN J. SILVERMAN,

    Defendants.

Appeal by defendant Donald J. Rhine from order entered 26 February 2013 by Judge Vance Bradford Long in Montgomery County Superior Court. Heard in the Court of Appeals 10 December 2013.

    *Nexsen Pruet, PLLC, by M. Jay DeVaney and Brian T. Pearce, for plaintiff-appellee.*

    *Wilson & Ratledge, PLLC, by Michael A. Ostrander, and Saffo Law Firm, P.C., by Anthony A. Saffo, for defendant-appellant.*

    HUNTER, Robert C., Judge.

Donald J. Rhine ("defendant") appeals from a charging order entered in favor of First Bank ("plaintiff") charging defendant's membership interest in an LLC to satisfy payment of

a judgment. On appeal, defendant argues that the trial court erred by: (1) concluding that the charging order "effectuated an assignment" of defendant's membership interest in the LLC; and (2) enjoining defendant from exercising his rights as a member of the LLC and ordering that his membership rights "lie fallow" until the judgment is satisfied.

After careful review, we reverse the trial court's order and remand for entry of a new charging order consistent with this opinion.

**Background**

On 7 September 2012, the trial court entered monetary judgment for plaintiff against defendant in excess of $3.5 million based on defendant's default on various loans and guaranty agreements. In an effort to collect on this judgment, plaintiff filed a motion seeking a charging order against defendant's membership interest in S&R Grandview, LLC ("the LLC"), a limited liability company of which defendant was a member and manager. After a hearing on 18 February 2013, the trial court granted plaintiff's motion, and after concluding that the charging order "effectuate[d] an assignment," ordered the following:

> 1. Defendant D. Rhine's membership interest
> in S&R Grandview, L.L.C. is hereby charged

with payment of the unsatisfied amount of First Bank's Judgment, including interest that has accrued after the date of the Judgment.

2. First Bank shall hereafter have the rights of an assignee of Defendant D. Rhine's membership interest in S&R Grandview, L.L.C., and all members and managers of S&R Grandview, L.L.C. shall treat First Bank as such an assignee.

3. Until such time as the full amount of the Judgment has been paid to First Bank, Defendant D. Rhine shall be enjoined from exercising any of the rights of a member of S&R Grandview, L.L.C.

4. First Bank shall receive any and all distributions and allocations from S&R Grandview, L.L.C. to which Defendant D. Rhine is entitled, until the full amount of the Judgment has been paid to First Bank.

5. The members and managers of S&R Grandview, L.L.C., shall not allow any distribution or allocation to Defendant D. Rhine unless and until First Bank's Judgment has been fully satisfied.

6. S&R Grandview, L.L.C. shall not allow Defendant D. Rhine to circumvent the terms or purpose of this Charging Order.

7. This order does <u>not</u> allow First Bank to exercise any rights of a member of S and R [sic] Grandview, LLC except as set out in paragraph 4 above. Defendant D. Rhine's membership right shall lie fallow until the judgement [sic] is satisfied except as set out in paragraph 4 above.

Defendant filed timely notice of appeal from this order.

## Discussion

### I. Effect of Charging Order on LLC Membership Interest

Defendant brings two related arguments on appeal: (1) the trial court erred by concluding that the charging order effectuated an assignment of his membership interest in the LLC to plaintiff, and (2) the trial court erred by enjoining him from exercising his management rights in the LLC and ruling that these rights "lie fallow." We agree as to both arguments and reverse the trial court's order.

Both issues on appeal involve interpretation of N.C. Gen. Stat. §§ 57C-5-02, -03 (2011). Questions of statutory interpretation are questions of law, which are reviewed *de novo* by this Court. *Dare Cnty. Bd. of Educ. v. Sakaria*, 127 N.C. App. 585, 588, 492 S.E.2d 369, 371 (1997); *Carolina Power & Light Co. v. City of Asheville*, 358 N.C. 512, 517, 597 S.E.2d 717, 721 (2004). The primary objective of statutory interpretation is to give effect to the intent of the legislature. *Polaroid Corp. v. Offerman*, 349 N.C. 290, 297, 507 S.E.2d 284, 290 (1998). The plain language of a statute is the primary indicator of legislative intent. *Begley v. Emp't Sec. Comm'n*, 50 N.C. App. 432, 436, 274 S.E.2d 370, 373 (1981). However, where the plain language is unclear, this Court may also glean the General

Assembly's intent from legislative history. *Lenox, Inc. v. Tolson*, 353 N.C. 659, 664, 548 S.E.2d 513, 517 (2001). Likewise, "[l]ater statutory amendments provide useful evidence of the legislative intent guiding the prior version of the statute." *Wells v. Consol. Judicial Ret. Sys.*, 354 N.C. 313, 318, 553 S.E.2d 877, 880 (2001). Finally, statutory provisions must be read in context: "Statutes dealing with the same subject matter must be construed *in pari materia*, as together constituting one law, and harmonized to give effect to each." *Williams v. Williams*, 299 N.C. 174, 180-81, 261 S.E.2d 849, 854 (1980) (internal citations omitted).

Section 57C-5-03 allows a judgment creditor to seek a charging order against a debtor-member's interest in an LLC to satisfy the judgment. It provides:

> On application to a court of competent jurisdiction by any judgment creditor of a member, the court may charge the membership interest of the member with payment of the unsatisfied amount of the judgment with interest. *To the extent so charged, the judgment creditor has only the rights of an assignee of the membership interest.* This Chapter does not deprive any member of the benefit of any exemption laws applicable to his membership interest.

N.C. Gen. Stat. § 57C-5-03 (emphasis added). Because section 57C-5-03 states that the judgment creditor "has only the rights

of an assignee of the membership interest," it is proper to read section 57C-5-03 together with section 57C-5-02, which sets out the rights of an assignee of an LLC membership interest. *See Williams*, 299 N.C. at 180-81, 261 S.E.2d at 854.  Section 57C-5-02 provides:

> Except as provided in the articles of organization or a written operating agreement, a membership interest is assignable in whole or in part. An assignment of a membership interest does not dissolve the limited liability company or entitle the assignee to become or exercise any rights of a member. *An assignment entitles the assignee to receive, to the extent assigned, only the distributions and allocations to which the assignor would be entitled but for the assignment.* Except as provided in the articles of organization or a written operating agreement, *a member ceases to be a member upon assignment of all of his membership interest.* Except as provided in the articles of organization or a written operating agreement, the pledge of, or granting of a security interest, lien, or other encumbrance in or against, all or any part of the membership interest of a member shall not cause the member to cease to be a member or the secured party to have the power to exercise any rights or powers of a member.

N.C. Gen. Stat. § 57C-5-02 (emphasis added).  Membership interests are defined by N.C. Gen. Stat. § 57C-1-03(15) (2011) as "[a]ll of a member's rights in the limited liability company, including without limitation the member's share of the profits

and losses of the limited liability company, the right to receive distributions of the limited liability company assets, any right to vote, and any right to participate in management."

Plaintiff argues that "[t]he only reasonable way to read N.C. Gen. Stat. § 57C-5-02 and N.C. Gen. Stat. § 57C-5-03 together and to give import to each of the clauses included in each statute is to conclude that the entry of a charging order amounts to an assignment of the debtor's membership interest" and after entry of a charging order "a debtor ceases to be a member in the limited liability company to which the charging order applies." To reach this conclusion, plaintiff argues that: (1) a charging order assigns a debtor's economic interest in an LLC to a judgment creditor; (2) the only LLC membership rights that are freely transferable are economic rights, and thus, assignment of economic rights "effectuates a full and complete assignment of a limited liability company interest"; and (3) because "a member ceases to be a member upon assignment of all of his membership interest," N.C. Gen. Stat. § 57C-5-02, a charging order terminates the debtor-member's membership in the LLC.

We disagree with plaintiff's interpretation of these statutes. First, we do not read sections 57C-5-02 and 57C-5-03

as effectuating an assignment of the debtor's membership rights, either in whole or in part. Section 57C-5-03 clearly states that "the judgment creditor has *only the rights* of an assignee of the membership interest." An assignee has the right "to receive, to the extent assigned, only the distributions and allocations to which the assignor would be entitled but for the assignment." N.C. Gen. Stat. § 57C-5-02. Thus, under the plain language of these statutes, a charging order gives a judgment creditor the right to receive distributions and allocations to which the debtor-member would have been entitled until the judgment is satisfied. Nowhere in these provisions does the General Assembly mandate an assignment of membership interests from a debtor to a judgment creditor through a charging order. "Where the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must construe the statute using its plain meaning." *Burgess v. Your House of Raleigh, Inc.*, 326 N.C. 205, 209, 388 S.E.2d 134, 136 (1990) (citation omitted). Section 57C-5-03 does exactly what it says; it "charge[s] the membership interest of the member with payment of the unsatisfied amount of the judgment with interest." Had the General Assembly intended a charging order to assign all membership interests and terminate a debtor's

membership in an LLC, as plaintiff contends, it could have easily included language to that effect. Absent such language, we are bound by the words used by the General Assembly, and we hold that a charging order does not effectuate an assignment of a debtor-member's total interest in an LLC.

Recent amendments to the North Carolina Limited Liability Company Act support our conclusion that a charging order does not effectuate an assignment. Effective 1 January 2014, the General Assembly repealed Chapter 57C and enacted a new North Carolina Limited Liability Company Act in Chapter 57D. *See* 2013 Sess. Laws 157, §§ 1,2. N.C. Gen. Stat. § 57D-5-03 clarifies the rights of a judgment creditor seeking a charging order as follows:

> (a) On application to a court of competent jurisdiction by any judgment creditor of an interest owner, the court may charge the economic interest of an interest owner with the payment of the unsatisfied amount of the judgment with interest. To the extent so charged, the judgment creditor has only the right to receive the distributions that otherwise would be paid to the interest owner with respect to the economic interest.

> (b) *A charging order is a lien on the judgment debtor's economic interest* to the extent provided in this section from the time that such charging order is served upon the LLC in accordance with Rule 4(j)(8) of the Rules of Civil Procedure. . . .

(c) *This Chapter does not deprive any interest owner of a right*, including any benefit of any exemption law applicable to the interest owner's ownership interest.

(d) The entry of a charging order is the exclusive remedy by which a judgment creditor of an interest owner may satisfy the judgment from or with the judgment debtor's ownership interest.

N.C. Gen. Stat. § 57D-5-03 (2013) (emphasis added). Although the newly revised North Carolina Limited Liability Company Act does not apply to this case, see N.C. Gen. Stat. § 57D-11-03, the clarified portions of section 57D-5-03 support our conclusion that the General Assembly did not intend for section 57C-5-03 to effectuate an assignment, enjoin a debtor-member from exercising managerial rights, or cause the debtor-member to cease to be a member in the LLC.

Although plaintiff contends that this conclusion leads to irreconcilable results, again we disagree.

First, plaintiff argues that to conclude that a charging order does not effectuate a total assignment, this Court would have to reconcile "why the interest received by a party receiving a charging order is identical to the interest received by a party who is otherwise assigned a membership interest in a limited liability company." We disagree with plaintiff's

contention that these interests are identical. Section 57C-5-03 provides that a trial court "may charge the membership interest of the member with payment of the *unsatisfied* amount of the judgment with interest." N.C. Gen. Stat. § 57C-5-03 (emphasis added). Inherent in the concept of a charging order is that once the judgment is paid, the debtor-member's interest in the LLC is no longer charged. An assignee of a member's LLC membership interest has no such limitation. Thus, contrary to plaintiff's argument, although a judgment creditor has the economic rights of an assignee until the judgment is satisfied, the interests that the two parties have are not identical.

Second, plaintiff argues that because the term "charging order" is not included in the last sentence of section 57C-5-02, which prescribes situations where a member loses some economic rights but retains membership in the LLC, the General Assembly could not have intended this provision to apply to charging orders. Although the term "charging order" is not specifically mentioned by name, we find that it fits within the "other encumbrance[s] in or against, all or any part of the membership interest" for which the provision applies. *See* N.C. Gen. Stat. § 57C-5-02 ("[T]he pledge of, or granting of a security interest, lien, or *other encumbrance* in or against, all or any

part of the membership interest of a member shall not cause the member to cease to be a member or the secured party to have the power to exercise any rights or powers of a member.") (emphasis added). Plaintiff argues that because encumbrances do not include actual transfer of rights until they are enforced, and charging orders permit the judgment creditor to actually receive distributions and allocations, charging orders cannot be encumbrances. The flaw in this logic is the assumption that charging orders are never "enforced." The plain language of sections 57C-5-02 and 57C-5-03, specifically that the debtor's membership interest is "charge[d]" and the judgment creditor has the right to "receive . . . the distributions and allocations to which the assignor would be entitled," demonstrates a legislative intent for charging orders to act as encumbrances that are "enforced" whenever the debtor-member would have received distributions or allocations from the LLC. Furthermore, the General Assembly has clarified that charging orders are encumbrances, not assignments, and that the imposition of a charging order does not affect a member's managerial rights. Specifically, section 57D-5-03(b) states that "A charging order is a lien on the judgment debtor's economic interest[.]" The subsequent amendment of the charging order

statute is strong evidence that the General Assembly intended charging orders under 57C-5-03 to be encumbrances that do not affect a debtor's managerial interest, contrary to plaintiff's contention and the trial court's order. *See Wells,* 354 N.C. at 318, 553 S.E.2d at 880.

Third, plaintiff argues that because section 57C-5-03 is included in the Article of the North Carolina Limited Liability Company Act entitled "Assignment of Membership Interests; Withdrawal," charging orders must be interpreted to effectuate assignments. Although we agree that the title of an Article in which a statute is placed can be relevant when interpreting the statute, the placement of a statute within an Act is less probative of legislative intent than the plain language of the statute itself. "[I]n interpreting a statute, we *first* look to understand the legislative intent behind the statute by examining the plain language of the statute." *State v. Moore*, 167 N.C. App. 495, 503, 606 S.E.2d 127, 132 (2004) (emphasis added) (citing *Elec. Supply Co. v. Swain Elec. Co.*, 328 N.C. 651, 656, 403 S.E.2d 291, 294 (1991)). "[W]hen confronted with a clear and unambiguous statute, courts are without power to interpolate, or superimpose, provisions and limitations not contained therein." *In re Hamilton*, __ N.C. App. __, __, 725

S.E.2d 393, 396 (2012). Here, the plain language of section 57C-5-03 unambiguously states that a charging order gives the judgment creditor the *rights* of an assignee. N.C. Gen. Stat. § 57C-5-03. It does not provide for actual assignment of membership rights from debtor to judgment creditor. The fact that section 57C-5-03 was placed by the General Assembly in an Article entitled "Assignment of Membership Interests; Withdrawal" does not change this outcome.

## Conclusion

After careful review, we hold that under the plain language of section 57C-5-03, a charging order does not effectuate an assignment of a debtor's membership interest in an LLC and does not cause a debtor to cease being a member in an LLC. Thus, we reverse the trial court's charging order enjoining defendant from exercising his membership rights in the LLC and ordering that his membership rights "lie fallow" and remand for entry of a charging order consistent with this opinion.

REVERSED AND REMANDED.

Judges MCGEE and ELMORE concur.