NO. COA13-1170

NORTH CAROLINA COURT OF APPEALS

Filed: 15 July 2014

IN THE MATTER OF:

APPEAL OF: DIXIE BUILDING, LLC     North Carolina Property
from the decision of the            Tax Commission
Guilford County Board of           No. 13 PTC 124
Equalization and Review

Appeal by appellant from order entered 28 June 2013 by the North Carolina Property Tax Commission sitting as the State Board of Equalization and Review. Heard in the Court of Appeals 19 February 2014.

> *Tuggle Duggins, P.A., by Michael S. Fox, J. Nathan Duggins III, Martha R. Sacrinty, and Sarah J. Hayward, for appellant Dixie Building, LLC.*

> *Guilford County Attorney J. Mark Payne and Deputy County Attorney Matthew J. Turcola, for appellee Guilford County.*

GEER, Judge.

Dixie Building, LLC appeals from an order entered by the North Carolina Property Tax Commission ("the Commission") dismissing Dixie Building's appeal from the Guilford County Board of Equalization and Review ("the Guilford County Board") on the grounds that Dixie Building's original request to the Guilford County Board for a hearing was untimely. Although

Dixie Building contends that it was permitted, under N.C. Gen. Stat. § 105-322 (2013), to submit its appeal to the Guilford County Board at any time prior to the Board's adjournment for the year, Dixie Building's construction of the statute would place various subsections of the statute in conflict with each other.

Reading the statute as a whole and in a manner that gives each provision meaning leads to the conclusion that the legislature intended to allow boards of equalization and review to set deadlines for the filing of hearing requests. Because Dixie Building failed to comply with the Guilford County deadline, the Commission properly concluded that Dixie Building's appeal was untimely. We, therefore, affirm.

## Facts

Dixie Building owns real property in Guilford County. In 2012, Guilford County performed a revaluation of all property within its boundaries as it was required to do pursuant to N.C. Gen. Stat. § 105-286(a)(1) (2013). The Guilford County Board established a deadline of 2 July 2012 for appealing revaluations and assessments for the 2012 year.

Following the 2012 revaluation, Dixie Building disputed the resulting appraisal values of six properties ("the Dixie properties"). However, Dixie Building did not appeal the

revaluations of the Dixie properties by the 2 July 2012 deadline. Instead, almost five months later, on 30 November 2012, Dixie Building filed a written notice with the Guilford County Board formally requesting an appeal of the 2012 revaluations of the Dixie properties. In addition, counsel for Dixie Building, while representing other clients with revaluation appeals, attended a Guilford County Board meeting on 16 January 2013. During that meeting, Dixie Building's counsel made an oral request for the Guilford County Board to review the 2012 revaluations of the Dixie properties.

On 22 January 2013, the Guilford County Board notified Dixie Building in writing that it was denying Dixie Building's request to challenge the 2012 reappraisal values on the grounds that its appeal "was not timely." Dixie Building timely appealed that denial to the Commission on 18 February 2013. On 28 June 2013, the Commission entered an order granting Guilford County's motion to dismiss on the grounds that the appeal to the Guilford County Board was in fact untimely. Dixie Building has timely appealed the Commission's order to this Court.

## Discussion

In an appeal from the Commission, "[q]uestions of law receive *de novo* review, while issues such as sufficiency of the evidence to support the Commission's decision are reviewed under

the whole-record test." *In re Appeal of the Greens of Pine Glen Ltd. P'Ship*, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003). Dixie Building contends on appeal that the Commission erred in construing the pertinent statutes when it concluded that Dixie Building's appeal to the Guilford County Board was untimely.

Questions of statutory interpretation, such as Dixie Building poses, "are questions of law[.] . . . The primary objective of statutory interpretation is to give effect to the intent of the legislature." *First Bank v. S & R Grandview, L.L.C.*, ___ N.C. App. ___, ___, 755 S.E.2d 393, 394 (2014). In construing a statute, "[t]he plain language of a statute is the primary indicator of legislative intent." *Id.* at ___, 755 S.E.2d at 394. However, when statutory language is ambiguous, "we are required to examine the entire statute to ascertain its meaning and to give force and effect to every part of it, reconciling, when reasonably possible, any seeming conflicts by comparing its sections and provisions with each other." *State Bd. of Agric. v. White Oak Buckle Drainage Dist.*, 177 N.C. 222, 226, 98 S.E. 597, 599 (1919).

Pursuant to N.C. Gen. Stat. § 105-286, each county is required to reappraise all real property every eight years. In years when a general reappraisal of real property has not been done, N.C. Gen. Stat. § 105-287 (2013) limits the circumstances

under which the county may change the appraised value of real property. N.C. Gen. Stat. § 105-322(g)(1)c provides that the county board of equalization and review has a duty to review the tax lists and increase and decrease the appraised value of any property as appropriate, although "the board shall not change the appraised value of any real property from that at which it was appraised for the preceding year except in accordance with the terms of G.S. 105-286 and 105-287."

N.C. Gen. Stat. § 105-322(e) sets out the provisions regarding when a board of equalization and review shall meet and regulates the starting date and the ending date for a board's meetings:

> **Time of Meeting.** -- Each year the board of equalization and review shall hold its first meeting not earlier than the first Monday in April and not later than the first Monday in May. In years in which a county does not conduct a real property revaluation, the board shall complete its duties on or before the third Monday following its first meeting unless, in its opinion, a longer period of time is necessary or expedient to a proper execution of its responsibilities. Except as provided in subdivision (g)(5) of this section, the board may not sit later than July 1 except to hear and determine requests made under the provisions of subdivision (g)(2), below, when such requests are made within the time prescribed by law. *In the year in which a county conducts a real property revaluation, the board shall complete its duties on or before December 1, except that it may sit after that date to hear and determine requests made under the*

> *provisions of subdivision (g)(2), below, when such requests are made within the time prescribed by law.* From the time of its first meeting until its adjournment, the board shall meet at such times as it deems reasonably necessary to perform its statutory duties and to receive requests and hear the appeals of taxpayers under the provisions of subdivision (g)(2), below.

(Emphasis added.)

Our Supreme Court has explained that "[t]he reason why the Board of Equalization is required to act within a fixed time is apparent. The taxing authority must know the value of the taxable property before it can fix a rate sufficient to meet governmental needs." *Spiers v. Davenport*, 263 N.C. 56, 59, 138 S.E.2d 762, 764 (1964). *See also* N.C. Gen. Stat. § 105-347 (2013) (providing that county must set property tax rate "not later than the date prescribed by applicable law or, in the absence of specific statutory provisions, not later than the first day of August" so as to provide revenues "necessary to meet the general and other legally authorized expenses of the taxing units"); N.C. Gen. Stat. § 105-360(a) (2013) (providing that property taxes are due and payable on September 1 of fiscal year for which taxes are levied with interest accruing if taxes are paid on or after January 6).

N.C. Gen. Stat. § 105-322(g) sets out the powers and duties of a board of equalization and review, including the duty to

review tax lists, the duty to hear taxpayer appeals, the power to appoint committees, the power to issue subpoenas, and the power to examine witnesses and documents. With respect to the duty to hear taxpayer appeals, N.C. Gen. Stat. § 105-322(g)(2) provides:

> **Duty to Hear Taxpayer Appeals.** -- On request, the board of equalization and review shall hear any taxpayer who owns or controls property taxable in the county with respect to the listing or appraisal of the taxpayer's property or the property of others.
>
> a. *A request for a hearing under this subdivision (g)(2) shall be made in writing to or by personal appearance before the board prior to its adjournment.* However, if the taxpayer requests review of a decision made by the board under the provisions of subdivision (g)(1), above, notice of which was mailed fewer than 15 days prior to the board's adjournment, the request for a hearing thereon may be made within 15 days after the notice of the board's decision was mailed.

(Emphasis added.)

In arguing that its request for a hearing before the Guilford County Board was timely, Dixie Building points to N.C. Gen. Stat. § 105-322(g)(2), asserting that it should be construed as providing that any request made prior to a board's adjournment is timely. Dixie Building further contends that

"the time prescribed by law" referenced in N.C. Gen. Stat. § 105-322(e) is defined by N.C. Gen. Stat. § 105-322(g)(2) as the date of the Guilford County Board's adjournment for the year. Consequently, Dixie Building asserts, its request for a hearing, presented prior to the Guilford County Board's adjournment, was timely. We disagree.

The plain language of N.C. Gen. Stat. § 105-322(e) cannot be reconciled with Dixie Building's interpretation of the statute. In N.C. Gen. Stat. § 105-322(e), the General Assembly provided generally that "the board shall meet at such times as it deems reasonably necessary to perform its statutory duties *and to receive requests and hear the appeals of taxpayers* under the provisions of subdivision (g)(2), below." (Emphasis added.) However, the legislature also mandated that in years involving a real property revaluation, as occurred in 2012, "the board shall complete its duties on or before December 1 . . . ." *Id.* The only exception is that the board "may sit after that date *to hear and determine requests* made under the provisions of subdivision (g)(2), below, when such requests are made within the time prescribed by law." *Id.* (emphasis added).

Thus, the plain language of N.C. Gen. Stat. § 105-322(e) limits the board's authority after 1 December to only hearing and determining requests for review under N.C. Gen. Stat. § 105-

322(g)(2). The General Assembly did not authorize a board of equalization and review to receive requests for hearings under subdivision (g)(2) after 1 December. Under N.C. Gen. Stat. § 105-322(e), the board may only receive requests prior to 1 December. However, N.C. Gen. Stat. § 105-322(e) adds a further limitation that hearings after 1 December may only be held for those requests "made within the time prescribed by law," suggesting that the deadline for requests could be a date other than 1 December.

N.C. Gen. Stat. § 105-322(g)(2)a, the subsection on which Dixie Building relies, can be read in a manner that is consistent with the plain language of N.C. Gen. Stat. § 105-322(e). The focus of N.C. Gen. Stat. § 105-322(g)(2)a is on how "[a] request for a hearing under this subdivision (g)(2) shall be made . . . ." The statute specifies that the hearing request may be made in two ways: in writing to the board or by a personal appearance before the board. The subsection, rather than granting the taxpayer the absolute right to make a request up until the board's adjournment for the year (a construction that would place § 105-322(g)(2)a in conflict with § 105-322(e)), can be read instead as providing an outside limit on when a board of equalization may allow requests for hearings to be made. The subsection establishes that the board has no

authority to grant a hearing for a request made after adjournment.[1]

Such a construction is also consistent with N.C. Gen. Stat. § 105-322(f), which requires a board to publish a notice of certain dates prior to the board's first meeting for the year. In addition to announcing the date, hours, place, and purpose of the first meeting of the board, the notice must also "state the dates and hours on which the board will meet following its first meeting *and the date on which it expects to adjourn . . . .*" *Id.* (emphasis added). If a board subsequently decides to adjourn at a later date than was originally announced, it must provide notice "published at least once in the newspaper in which the first notice was published, *such publication to be prior to the date first announced for adjournment*." *Id.* (emphasis added).

The notice requirements of N.C. Gen. Stat. § 105-322(f) regarding adjournment can only be effective if a board has the authority to set deadlines prior to the time of adjournment for the submission of requests for a hearing. It would be difficult for a board to identify an adjournment date in advance that would allow adequate time to conduct hearings without setting a

---

[1]N.C. Gen. Stat. § 105-322(g)(2)a includes an exception, not applicable here, when the board has made a decision under § 105-322(g)(1) and notice was sent out less than 15 days prior to the board's adjournment.

deadline for requests for hearings sufficiently in advance of the projected adjournment date. In addition, under Dixie Building's construction of N.C. Gen. Stat. § 105-322(g)(2)a, an aggrieved taxpayer could request a hearing on the scheduled date of adjournment, but that would require that the board then postpone adjourning until the hearing could be conducted. However, the board would then be unable to comply with the notice provision for adjournment set out in N.C. Gen. Stat. § 105-322(f).

Dixie Building nonetheless urges that a board could hear an appeal the same day it was requested, thus avoiding any deviation from the statute's notice requirements. N.C. Gen. Stat. § 105-322(g)(2)c, however, provides that "[u]pon the request of an appellant, the board shall subpoena witnesses or documents if there is a reasonable basis for believing that the witnesses have or the documents contain information pertinent to the decision of the appeal." In addition, the General Assembly has granted a board of equalization and review the power to "subpoena witnesses or documents on its own motion . . . ." N.C. Gen. Stat. § 105-322(g)(3)b. A hearing occurring on the same day as a request for a hearing would preclude the board from exercising these powers.

Further, it is entirely plausible that if an announced adjournment date were the deadline for requests for hearing rather than the deadline set by a board, many taxpayers would wait until the last day to make their requests. An inability to conduct all the requested hearings in one meeting would then force a postponement of the adjournment date and violation of the notice provisions.

We can see no basis for concluding that the General Assembly intended to strip a board of equalization and review of the power to set a reasonable schedule for receiving requests for a hearing that would ensure a full and careful consideration of a taxpayer's appeal. Indeed, N.C. Gen. Stat. § 105-322(e) mandates that "[f]rom the time of its first meeting until its adjournment, the board shall meet *at such times as it deems reasonably necessary* to perform its statutory duties and to receive requests and hear the appeals of taxpayers under the provisions of subdivision (g)(2), below." (Emphasis added.)

In short, Dixie Building's proposed construction of N.C. Gen. Stat. § 105-322(g)(2) to allow requests for hearing through the date of adjournment would place that subsection in conflict with numerous other subsections. When the statute is read as a whole giving effect to all of its provisions, we hold that the Guilford County Board and the Property Commission properly

concluded that the legislature intended for a local board of equalization and review to have the authority to set a reasonable deadline prior to its adjournment for accepting requests for revaluation appeals and that such time is "the time prescribed by law" provided for in N.C. Gen. Stat. § 105-322(e). *See Rhyne v. K-Mart Corp.*, 358 N.C. 160, 188, 594 S.E.2d 1, 20 (2004) (holding that "this Court does not read segments of a statute in isolation. Rather, we construe statutes *in pari materia*, giving effect, if possible, to every provision.").

Because 2012 was a revaluation year for Guilford County, the Guilford County Board set 2 July 2012 as the deadline for appeal requests for that year and because Dixie Building did not submit its hearing request by that date, Dixie Building did not timely request an appeal of the revaluation of the Dixie properties for the tax year 2012. The Commission, therefore, properly dismissed Dixie Building's revaluation appeal.

Affirmed.

Judges ROBERT C. HUNTER and McCULLOUGH concur.