McCULLOUGH, Judge.
*51 Respondent-mother appeals from: (1) an adjudication order concluding that G.T. ("Gavin")[1] was a neglected and dependent juvenile; and (2) a disposition order concluding that it was in the juvenile's best interest to remain in the custody of the Buncombe County Department of Health and Human Services ("DHHS") and that reasonable reunification efforts with respondent-mother shall cease. After careful review, we affirm the trial court's adjudication order, but reverse the disposition order in part.
I. Background
In early July 2015, DHHS obtained non-secure custody of Gavin and filed a petition alleging that he was a neglected and dependent juvenile. Gavin was a newborn at the time, and both he and his mother were still in the hospital. The petition alleged that respondent-mother used marijuana, methamphetamine, and cocaine during her pregnancy, and that Gavin had a rapid heartbeat and was showing signs of withdrawal. Gavin's toxicology results were still pending at the time of the petition. The petition also alleged that respondent-mother was belligerent and combative with hospital staff, refused to take *276 her psychiatric medication, and was being held on an involuntary commitment. During one instance, respondent-mother had to be restrained and Gavin removed from her arms. Further, the petition alleged that respondent-mother had a domestic violence protective order ("DVPO") against Gavin's father. He allegedly stabbed respondent-mother and dislocated her jaw, had several criminal charges pending as a result, and had a concerning criminal history.
The trial court held a hearing on 12 November 2015 and subsequently entered an adjudication and interim disposition order. Respondent-mother stipulated that the allegations contained in the petition, with some modifications, could be found as fact by the trial court by clear and convincing evidence. Based on the stipulated findings of fact, the trial court concluded that Gavin was a neglected and dependent juvenile. In *52 the interim disposition portion of the order, the trial court concluded that it was in Gavin's best interest to remain in DHHS custody.
The trial court held a disposition hearing on 3 December 2015 and subsequently entered a disposition order. The trial court concluded that it was in Gavin's best interest to remain in DHHS custody. The trial court also directed that, pursuant to N.C. Gen. Stat. § 7B-901(c) (2015), reasonable reunification efforts with respondent-mother shall cease. This conclusion was based upon the trial court's finding that Gavin was subjected to chronic or toxic exposure to controlled substances that resulted in impairment of and addiction in Gavin at birth. Respondent-mother timely appeals.[2]
II. Discussion
A. Adjudication of Neglect
On appeal, respondent-mother first challenges the trial court's adjudication of neglect. Review of a trial court's adjudication of neglect requires a determination as to (1) whether clear and convincing evidence supports the findings of fact, and (2) whether the findings of fact support the legal conclusions. In re Pittman , 149 N.C.App. 756, 763-64, 561 S.E.2d 560, 566 (2002) (citation omitted). "In a non-jury neglect adjudication, the trial court's findings of fact supported by clear and convincing competent evidence are deemed conclusive, even where some evidence supports contrary findings." In re Helms , 127 N.C.App. 505, 511, 491 S.E.2d 672, 676 (1997) (citations omitted). If competent evidence supports the findings, they are "binding on appeal." In re McCabe , 157 N.C.App. 673, 679, 580 S.E.2d 69, 73 (2003) (citations omitted). Here, respondent-mother does not dispute the fact that her stipulation to the findings of fact was proper. As a result, the findings of fact are presumed to be supported by competent evidence and are binding on appeal. See In re M.D. , 200 N.C.App. 35, 43, 682 S.E.2d 780, 785 (2009).
Respondent-mother, however, argues that the trial court's findings of fact are not sufficient to support the trial court's conclusion that Gavin was a neglected juvenile. She contends that none of the trial court's findings of fact relate to her care of Gavin, show that Gavin suffered an impairment, or prove a nexus between her drug use and any harm to Gavin. We disagree.
*53 A neglected juvenile is defined as:
A juvenile who does not receive proper care, supervision, or discipline from the juvenile's parent, guardian, custodian, or caretaker; or who has been abandoned; or who is not provided necessary medical care; or who is not provided necessary remedial care; or who lives in an environment injurious to the juvenile's welfare; or who has been placed for care or adoption in violation of law.
N.C. Gen. Stat. § 7B-101(15) (2015). Additionally, this Court has consistently required that "there be some physical, mental, or emotional impairment of the juvenile or a substantial risk of such impairment as a consequence of the failure to provide proper care, supervision, or discipline in order to adjudicate a juvenile neglected." In re McLean , 135 N.C.App. 387, 390, 521 S.E.2d 121, 123 (1999) (internal quotations omitted) (emphasis in original).
In arguing that the findings do not support an adjudication of neglect, respondent-mother *277 focuses largely on the findings of fact regarding her drug use while pregnant. However, she overlooks the fact that the trial court made findings regarding the father's domestic violence towards her and took judicial notice of respondent-mother's DVPO, both of which support the adjudication of neglect. In the DVPO, a district court found as follows: the father placed respondent-mother in the fear of imminent serious bodily injury; he placed her in the fear of continued harassment that rises to such a level as to inflict substantial emotional distress; he inflicted serious injury upon respondent-mother in that he dislocated her jaw and stabbed her; and he made threats to kill or seriously injure respondent-mother. As a result of these findings, the district court entered a no-contact order against the father. Furthermore, the stipulated findings show that the father was charged criminally based on his actions, that he held a gun to respondent-mother's head, and that he threatened to kill her. Despite the no-contact order, the father was at the hospital following Gavin's birth.
Respondent-mother's erratic behavior in the hospital also supports the adjudication of neglect. The findings demonstrate that respondent-mother was being held on an involuntary commitment, that she was belligerent towards hospital staff, and that the hospital staff would not permit respondent-mother to be alone with Gavin.
Lastly, the findings clearly show that respondent-mother used controlled substances during her pregnancy. She originally admitted to using marijuana, cocaine, and methamphetamine. She later altered her story, *54 claiming that the father laced her marijuana with cocaine and denying the use of methamphetamine. It was well within the trial court's discretion to believe her original admission. However, even if respondent-mother's story is believed, she still admitted to using illegal drugs while pregnant. Therefore, contrary to respondent-mother's assertion, the findings of fact sufficiently establish that Gavin suffered actual exposure to controlled substances while in utero.
We therefore conclude that the findings were sufficient for the trial court to conclude that Gavin did not receive proper care, supervision, or discipline from his parent and that he lived in an environment injurious to his welfare. Gavin suffered an actual impairment due to his exposure to controlled substances, and respondent-mother's erratic behavior and disregard for the DVPO exposed him to a substantial risk of impairment. Additionally, we have repeatedly held that it is proper for a trial court to adjudicate a juvenile neglected, even if the juvenile never actually resided in the parent's home, as is the case here. See, e.g. , In re B.M. , 183 N.C.App. 84, 89, 643 S.E.2d 644, 647 (2007) (affirming an adjudication of neglect where a nine-day-old was removed from the mother's custody after testing positive for cocaine, the mother admitted to using cocaine prior to the juvenile's birth, there was domestic violence between the parents, and the mother refused to sign a safety agreement); see also In re A.S. , 190 N.C.App. 679, 690, 661 S.E.2d 313, 320 (2008), aff'd. , 363 N.C. 254, 675 S.E.2d 361 (2009) ("When ... the juvenile being adjudicated has never resided in the parent's home, the decision of the trial court must of necessity be predictive in nature, as the trial court must assess whether there is a substantial risk of future abuse or neglect of a child based on the historical facts of the case.") (internal quotation marks and citation omitted). Accordingly, we conclude that the trial court did not err in concluding that Gavin was a neglected juvenile.
B. Dispositional Determination
Next, respondent-mother challenges the trial court's dispositional determination to cease reasonable reunification efforts pursuant to N.C. Gen. Stat. § 7B-901(c) (2015).
In 2015, the North Carolina General Assembly made amendments to our Juvenile Code, specifically to those sections pertaining to permanency planning hearings and orders, the implementation of permanent plans, and the cessation of reunification efforts with a parent. See N.C. Sess. L. 2015-136. Because the amendments apply to all actions filed or pending on or after 1 October 2015, they are applicable to the instant case. As part of the amendments, the General Assembly added *55 subsection (c) to N.C. Gen. Stat. § 7B-901, the section governing a trial court's initial disposition hearing. The new subsection (c) *278 permits the trial court to cease reunification efforts at an initial disposition hearing under certain circumstances. This section provides, in pertinent part, as follows:
(c) If the disposition order places a juvenile in the custody of a county department of social services, the court shall direct that reasonable efforts for reunification as defined in G.S. 7B-101 shall not be required if the court makes written findings of fact pertaining to any of the following:
(1) A court of competent jurisdiction has determined that aggravated circumstances exist because the parent has committed or encouraged the commission of, or allowed the continuation of, any of the following upon the juvenile:
a. Sexual abuse.
b. Chronic physical or emotional abuse.
c. Torture.
d. Abandonment.
e. Chronic or toxic exposure to alcohol or controlled substances that causes impairment of or addiction in the juvenile.
f. Any other act, practice, or conduct that increased the enormity or added to the injurious consequences of the abuse or neglect.
(2) A court of competent jurisdiction has terminated involuntarily the parental rights of the parent to another child of the parent.
(3) A court of competent jurisdiction has determined that (i) the parent has committed murder or voluntary manslaughter of another child of the parent; (ii) has aided, abetted, attempted, conspired, or solicited to commit murder or voluntary manslaughter of the child or another child of the parent; (iii) has committed a felony assault resulting in serious bodily injury to the child or another child *56 of the parent; (iv) has committed sexual abuse against the child or another child of the parent; or (v) has been required to register as a sex offender on any government-administered registry.
N.C. Gen. Stat. § 7B-901(c)(1)-(3) (2015).
In the instant case, the trial court concluded that reasonable reunification efforts with respondent-mother were not required. This conclusion was based upon the following ultimate finding:
Pursuant to N.C.G.S. § 7B-901(c), the Court hereby directs that reasonable reunification efforts with the respondent mother are not required as a result of:
a. The respondent mother's admission of continued substance abuse resulting in impairment of, and addiction in, the juvenile at birth.
b. Respondent mother's apparent lack of understanding or concern about the toxic effect of chronic substance abuse on the minor child.
Thus, the trial court's determination to cease reunification efforts was based on subsection (c)(1)(e): chronic or toxic exposure to alcohol or controlled substances that causes impairment of or addiction in the juvenile.
Respondent-mother challenges the trial court's determination based on several grounds. She first argues the statute's use of the term "has determined" must reference a prior adjudication hearing. Therefore, she argues, the statute directs the trial court to make the determination regarding chronic or toxic exposure to controlled substances in a prior adjudication order. Respondent-mother argues that because the trial court here made the determination in a disposition order, it is erroneous. For the reasons that follow, we agree.
The issue raised by respondent-mother is one of statutory interpretation. Our Supreme Court has repeatedly held that "[s]tatutory interpretation properly begins with an examination of the plain words of the statute." Lanvale Properties, LLC v. Cty. of Cabarrus , 366 N.C. 142, 154, 731 S.E.2d 800, 809 (2012) (internal quotation marks and citations omitted). " 'Questions of statutory interpretation are questions of law[.] ... The primary objective of statutory interpretation is to give effect to the intent of the legislature. The plain language of a statute is the primary *279 indicator of legislative intent.' " *57 Purcell v. Friday Staffing , 235 N.C.App. 342, 346-47, 761 S.E.2d 694, 698 (2014) (quoting First Bank v. S&R Grandview, L.L.C. , 232 N.C.App. 544, 546, 755 S.E.2d 393, 394 (2014) (internal citations omitted)). "If the language of the statute is clear and is not ambiguous, we must conclude that the legislature intended the statute to be implemented according to the plain meaning of its terms." Lanvale Properties , 366 N.C. at 154, 731 S.E.2d at 809 (quotation marks and citations omitted).
Section 7B-901(c)(1), in pertinent part, states that the trial court shall direct reasonable reunification efforts to cease if the trial court makes a finding that:
(1) A court of competent jurisdiction has determined that aggravated circumstances exist because the parent has committed or encouraged the commission of, or allowed the continuation of, any of the following upon the juvenile:
....
e. Chronic or toxic exposure to alcohol or controlled substances that causes impairment of or addiction in the juvenile.
N.C. Gen. Stat. § 7B-901(c)(1)(e) (emphasis added). Thus, the dispositional court must make a finding that "[a] court of competent jurisdiction has determined" that the parent allowed one of the aggravating circumstances to occur. We conclude that the language at issue is clear and unambiguous and that in order to give effect to the term "has determined," it must refer to a prior court order. The legislature specifically used the present perfect tense in subsections (c)(1) through (c)(3) to define the determination necessary. Use of this tense indicates that the determination must have already been made by a trial court-either at a previously-held adjudication hearing or some other hearing in the same juvenile case, or at a collateral proceeding in the trial court. The legislature's use of the term "court of competent jurisdiction" also supports this position. Use of this term implies that another tribunal in a collateral proceeding could have made the necessary determination, so long as it is a court of competent jurisdiction.
We further find that the legislature's use of a contrasting verb tense in the main body of Section 7B-901(c) supports our statutory interpretation. Rather than using the present perfect tense, the main body states that the trial court "shall direct " reunification efforts to cease if the court "makes written findings of fact." N.C. Gen. Stat. § 7B-901(c) (emphasis *58 added). Had the legislature intended for the trial court to make the determination at a disposition proceeding, the verb tense used in subsection (1) would have mirrored that of the main body of Section 7B-901(c). Thus, by our plain reading of the statute, if a trial court wishes to cease reunification efforts pursuant to N.C. Gen. Stat. § 7B-901(c)(1)(e), it must make findings at disposition that a court of competent jurisdiction has already determined that the parent allowed the continuation of chronic or toxic exposure to alcohol or controlled substances that causes impairment of or addiction in the juvenile.
Here, the trial court made no such finding. The adjudication order contains no ultimate finding of fact that respondent-mother allowed the continuation of chronic or toxic exposure to controlled substances that caused impairment of or addiction in Gavin. Although the trial court's adjudication order contains anecdotal evidence regarding respondent-mother's drug use while pregnant, the findings state that the toxicology results were still pending, and the findings regarding Gavin's withdrawal and impairment were framed in terms of allegations received by DHHS, not in terms of conclusive findings of fact. Therefore, while the overall findings of fact were sufficient to sustain an adjudication of neglect, the specific findings related to Gavin's exposure to controlled substances were not sufficient to sustain an ultimate finding pursuant to N.C. Gen. Stat. § 7B-901(c)(1)(e).
Because the trial court erroneously concluded that reasonable reunification efforts must cease pursuant to N.C. Gen. Stat. § 7B-901(c)(1)(e), we reverse that portion of the trial court's disposition order.
C. Denial of Respondent-Mother's Continuance
In her final argument, respondent-mother essentially contends that the trial court erred *280 by denying her a continuance to prepare for a hearing on the issue of whether the trial court was required to cease reasonable reunification efforts pursuant to N.C. Gen. Stat. § 7B-901(c). Respondent-mother argues that she did not have notice of the guardian ad litem's intent to raise the issue at the disposition hearing, and that she has a right to notice and effective representation. She further contends that by denying a continuance of the matter, the trial court denied her effective assistance of counsel. However, because we have reversed the trial court's dispositional determination ceasing reunification efforts pursuant to N.C. Gen. Stat. § 7B-901(c), her argument is mooted. Accordingly, we need not address respondent-mother's final argument on appeal. *59 AFFIRMED AS TO ADJUDICATION ORDER; REVERSED IN PART AS TO DISPOSITION ORDER.
Judge DILLON concurs in part and dissents in part in a separate opinion.
Judge ENOCHS concurs

A pseudonym is used to protect the identity of the juvenile and for ease of reading.

The father was a party to the trial court proceedings but does not appeal.